# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA HOLDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-04-1098-L |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings** .

### PROCEDURAL HISTORY

Plaintiff filed her application for DIB on July 10, 2001 alleging a disability since January 9, 2001 (TR. 54-57).  The application was denied on initial consideration and on reconsideration at the administrative level (TR. 28, 29).  Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on April 30, 2003 (TR. 226-257). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 228-251).  A vocational expert (VE) also testified at the request of the ALJ (TR. 251-256). The ALJ issued his decision on November 20, 2003 finding that Plaintiff was disabled from January 9, 2001 until July 16, 2002, and was entitled to DIB, but was not disabled thereafter (TR. 15-24). The Appeals Council denied the Plaintiff's request for review on August 4, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 23).  At step two, the ALJ concluded that Plaintiff had severe impairments due to disorders of the spine (TR. 23). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23-24).  At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) from January 9, 2001 until July 16, 2002; and that from July 16, 2002 Plaintiff retained the capacity to perform her PRW (TR. 24).  Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was disabled within the meaning of the Social Security Act for the closed period from January 9, 2001 until July 16, 2002, but that thereafter Plaintiff was not disabled and was therefore not entitled to DIB (TR. 24).

On appeal to this Court, Plaintiff alleges that the ALJ erred in failing to properly apply the medical improvement standard as described in 20 C.F.R. §404.1594(b)(1) in this closed period case in which Plaintiff was found to have been disabled for a finite period of time.

To apply the medical improvement test, the ALJ must first compare the medical severity of the current impairments to the severity of the impairments which were present at the time of the most recent favorable medical decision finding the claimant disabled. See 20 C.F.R. §404.1594(b)(7). Then, in order to determine that medical improvement is related to ability to work, the ALJ must reassess a claimant's RFC based on the current severity of the impairments which were present at claimant's last favorable medical decision. See 20 C.F.R. § 404.1594(c)(2). The ALJ must then compare the new RFC with the RFC before the putative medical improvements. The ALJ may find medical improvement related to an ability to do work only if an increase in the current RFC is based on objective medical evidence. *Shepard v. Apfel,* 184 F.3d 1196, 1201 (10th Cir. 1999); 20 C.F.R. § 404.1594(c)(2).

The regulations define medical improvement as:

> any decrease in the medical severity of [the] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the] impairment(s).

20 C.F.R. § 404.1594(b)(1).

The ALJ's decision does not reflect that he engaged in the analysis required by 20 C.F.R. §404.1594(c)(2). In comparing the medical severity of Plaintiff's current impairment to the severity of the impairment which was present at the time of the most recent favorable medical decision finding the claimant disabled the ALJ states that

> Dr. Lynn noted that Dr. Remondino wrote on July 16, 2002 that the claimant was doing well and had a 60% improvement. Dr. Remondino further described a normal gait and did not renew her prescription for Percocet, which she had requested. He noted no examination showed a significant neurological deficit.

(TR. 21). However, the ALJ fails to provide a meaningful discussion or any analysis comparing the medical severity of Plaintiff's impairments prior to and after July 16, 2002. The ALJ's decision also fails to compare the new RFC with the RFC before the putative medical improvements. The ALJ further fails to specifically identify any evidence, other than the testimony of the VE, that Plaintiff's RFC had improved (TR. 23). The ALJ does offer an appropriate summary of the medical evidence, but the absence of analysis of that evidence under the medical improvement standard frustrates judicial review of the ALJ's decision.

3

On remand, the ALJ should offer a meaningful discussion and analysis which links his findings to specific evidence.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 25th day of October, 2005.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE